UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JOSEPH ALLEN ROBINETTE, | : | CASE NO. 09-02429-TOM |
| TRACY ROBINETTE, | : | |
| | : | |
| Debtors. | : | |

----- ----- ----- ----- ----- ----- ----- ----- ----- ----- ----- ----- -----

| | | |
|---|---|---|
| WELLS FARGO FINANCIAL | : | |
| ALABAMA, INC., | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| JOSEPH ALLEN ROBINETTE, Debtor, and | : | |
| TRACY ROBINETTE, Joint-Debtor, and | : | |
| D. SIMS CRAWFORD, Chapter 13 Trustee, | : | |
| Respondents. | : | |

MOTION FOR RELIEF FROM STAY

COMES NOW Wells Fargo Financial Alabama, Inc., hereinafter referred to as Creditor, pursuant to 11 U.S.C. Section 362(d), and respectfully shows the Court the following:

1.

Debtors filed this Chapter 13 case in the Northern District of Alabama, Southern Division.

2.

Creditor has a claim in the amount of $129,525.06, secured by Alabama Real Estate Mortgage on real property commonly known as 140 Yaw Road, Remlap, Alabama 35113 as more particularly described in the attached Exhibit. See Exhibit "A" attached.

3.

The aforementioned property is not necessary for the effective rehabilitation of the Debtors under Chapter 13. 11 U.S.C. Section 362(d)(2).

4.

There is little or no equity in the aforementioned property for the benefit of either the Chapter 13 estate of the Debtors herein. 11 U.S.C. Section 362(d)(2). The fair market value of

the real property commonly known as 140 Yaw Road, Remlap, Alabama 35113 is approximately $112,000.00.

5.

Debtor is delinquent with post-petition payments in the approximate amount of $10,513.44 (representing $1,074.16 for August 2009 payment, and $1,179.91 each month for September 2009 through April 2010 payments). Creditor is not adequately protected.

6.

Cause, including the lack of adequate protection, exists for lifting of the automatic stay. 11 U.S.C. Section 362 (d)(1).

WHEREFORE, Creditor prays that hearing be scheduled in this matter and relief from the automatic stay be granted so as to allow Creditor to dispose of the aforementioned property in accordance with its contract and its state law remedies, that the ten day stay provided for in Fed. R. Bankr. P. 4001(a)(3) be waived, and for such other relief as the Court deems proper.

Respectfully submitted,

/s/__Paul R. Knighten_____
Paul R. Knighten, AL Bar No. KNI017
Sicay-Perrow, Knighten & Bohan, P.C.
Suite 3475, Georgia-Pacific Center
133 Peachtree Street, N.E.
Atlanta, GA 30303
prk@sicay-perrow.com
404-589-1832
404-589-1833 (facsimile)

181.20
30.00
2.00
—————
213.20

STATE OF ALABAMA
BLOUNT COUNTY
I CERTIFY THIS INSTRUMENT
WAS FILED AND RECORDED
SEPTEMBER 20 2004   1:18PM
INSTRUMENT  260961  PAGE   1 OF 9
BOOK 2004 PAGE   35288
WITNESS MY HAND AND SEAL
ROYCE B KING
JUDGE OF PROBATE

———————————— [Space Above This Line For Recording Data] ————————————

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on ..09/15/04.......................................,
The grantor is ..JOSEPH ALLEN ROBINETTE AND TRACY ROBINETTE, HUSBAND AND WIFE....................................
................................................................................................("Borrower").
This Security Instrument is given to Wells Fargo Financial Alabama, Inc., which is organized and existing under the laws of
Alabama, and whose address is ..1687 CENTER PT. PKWY 105.........................................................
BIRMINGHAM, AL......35215.........................................................................("Lender").
Borrower owes Lender the principal sum of ..ONE HUNDRED TWENTY THOUSAND SEVEN HUNDRED FORTY ONE DOLLARS AND ...
FIFTY SIX CENTS............................Dollars (U.S. $..120741.56......). This debt is evidenced by Borrower's note
dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid
earlier, due and payable on ..09/20/24.................................. This Security Instrument secures to Lender:
(a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the
Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with
power of sale, the following described property located in ..BLOUNT............................ County, Alabama:

THE DESCRIPTION OF THE PROPERTY IS ON A SEPARATE FORM ATTACHED TO THIS
MORTGAGE/DEED OF TRUST, WHICH DESCRIPTION IS PART OF THIS MORTGAGE/
DEED OF TRUST.

which has the address of ..140 YAW ROAD..................................,..REMLAP..................,
                              [Street]                                       [City]
Alabama........35133.............("Property Address");
            [Zip Code]

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all
the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a
part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is
referred to in this Security Instrument as the "Property."
    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** If requested by Lender in writing, and subject to applicable law, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; then to amounts payable if any under paragraph 2; then to rate chages, then to interest due; then to the Amount Financed; then to the points.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. If applicable Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in paragraph 14. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in BLOUNT.................... County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower, except those charges authorized by law. Borrower shall pay any recordation costs.

23. **Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

24. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

[X] Adjustable Rate Rider          [ ] Condominium Rider              [ ] 1-4 Family Rider
[ ] Graduated Payment Rider        [ ] Planned Unit Development Rider [ ] Biweekly Payment Rider
[ ] Balloon Rider                  [ ] Rate Improvement Rider         [ ] Second Home Rider
[ ] Other(s) [specify]

INSTRUMENT 260961 PAGE 6 OF 9

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _____Joseph Allen Robinette_____ (Seal)
DEREK KELLEY                            JOSEPH ALLEN ROBINETTE              -Borrower

_____        _____Tracy Robinette_____ (Seal)
SCOTT LANEY                             TRACY ROBINETTE                    -Borrower

——————————— [Space Below This Line For Acknowledgment] ———————————

STATE OF ALABAMA
.......Jefferson........ COUNTY

I, the undersigned authority, in and for said County in said State, hereby certify that
Joseph Allen Robinette and Tracy Robinette, Husband and Wife,
whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he/she/they executed the same voluntarily on the day the same bears date.
Given under my hand and official seal, this the 18th day of September, 2004.

My Commission Expires
8/21/07

_____
Notary Public

This instrument was prepared by: NFF - NICCI SHARP
Birmingham, Al.

4. LEGAL DESCRIPTION:

PART OF THE SOUTH HALF OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 26, TOWNSHIP 13 SOUTH, RANGE 1 WEST, BLOUNT COUNTY, ALABAMA, DESCRIBED AS FOLLOWS: FROM THE NORTHWEST CORNER OF THE SOUTH HALF OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 26, TOWNSHIP 13 SOUTH, RANGE 1 WEST, TURN 27° 16' OFF OF THE SECTION LINE IN A SOUTHEAST DIRECTION FOR A DISTANCE OF 174.54 FEET; THENCE 21° 55' LEFT 300.98 FEET TO THE POINT OF BEGINNING, SAID POINT OF BEGINNING BEING IN THE CENTER OF A CHERT PUBLIC ROAD; THENCE 1° 11' RIGHT ALONG CENTER OF SAID ROAD 210.0 FEET TO A PIPE; THENCE 90° LEFT 210.0 FEET TO THE POINT OF BEGINNING. CONTAINING 1 ACRE, MORE OR LESS, SITUATED IN BLOUNT COUNTY, ALABAMA.

SUBJECT TO ALL RESTRICTIONS, RESERVATIONS, RIGHTS, EASEMENTS, RIGHTS-OF-WAY, PROVISIONS, COVENANTS AND BUILDING SET-BACK LINES OF RECORD.

*Joseph Allen Robinette* 9/15/04
*Tracy Robinette* 9-15-04

INSTRUMENT 260961 PAGE 9 OF 9

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JOSEPH ALLEN ROBINETTE, | : | CASE NO. 09-02429-TOM |
| TRACY ROBINETTE, | : | |
| | : | |
| Debtors. | : | |

----- ----- ----- ----- ----- ----- -----   ----- ----- ----- ----- ----- -----

| | | |
|---|---|---|
| WELLS FARGO FINANCIAL | : | |
| ALABAMA, INC., | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| JOSEPH ALLEN ROBINETTE, Debtor, and | : | |
| TRACY ROBINETTE, Joint-Debtor, and | : | |
| D. SIMS CRAWFORD, Chapter 13 Trustee, | : | |
| Respondents. | : | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in the within and foregoing matter with a copy of the attached Motion for Relief from Stay, by depositing a copy of the same in the United States Mail, postage prepaid, addressed as follows:

D. Sims Crawford  
Chapter 13 Standing Trustee  
P.O. Drawer 10848  
Birmingham, AL 35202  

Max C. Pope, Jr  
P.O. Box 2958  
Birmingham, AL 35202  

Joseph Allen Robinette  
140 Yaw Road  
Remlap, AL 35133  

Tracy Robinette  
140 Yaw Road  
Remlap, AL 35133  

This 11th day of May, 2010.

/s/         Paul R. Knighten         
Paul R. Knighten, AL Bar KNI017